In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-521 CV


____________________



WHOLESALE ELECTRIC SUPPLY COMPANY 


OF HOUSTON, L.P., Appellant



V.



DAVID SIMON, SIDNEY SIMON, HARLEY V. STIVERS, 


and SANDY KELLEY, Appellees






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-166,021-A






MEMORANDUM OPINION


 Wholesale Electric Supply Company of Houston, L.P., (Wholesale Electric) appeals
from the trial court's orders granting summary judgments in favor of David Simon, Sidney
Simon, Harley V. Stivers, and Sandy Kelley (appellees). Wholesale originally filed suit
against Alliance Engineering and Design, Inc. to collect the balance of monies due for the
delivery of a building known as the MCC Pumphouse Building 41 to the Premcor Refinery
in Port Arthur, Texas. The end price of the building was $343,939. Alliance paid only
$80,000. Wholesale brought suit to collect the remaining $263,939, along with attorney's
fees and interest. Alliance counterclaimed for damages in the amount of $522,271 and
$200,000 in attorney's fees. In a supplemental petition, Wholesale brought suit against
appellees for misapplication of trust funds, pursuant to the Texas Property Code. See Tex.
Prop. Code Ann. §§ 162.001, 162.002, 162.031 (Vernon Supp. 2004). Appellees moved
for summary judgment on several grounds. The motions were granted, giving rise to this
appeal.

 Appellees moved for summary judgment on the following grounds:


 Wholesale agreed to accept $80,000 as full payment;
 Section 162.001 of the Texas Property Code only applies to a construction contract
for the improvement of real property and the contract between Wholesale and
Alliance was for a portable building that can be moved from place to place;
 Corporate officers and directors are not liable to third parties unless they are under
an independent duty to that third person; and
 Payments made by the contractor to Alliance were made only to Alliance and not
to appellees individually, thus there is no liability on the part of appellees. 


 Wholesale brings three points of error. First, Wholesale contends the trial court
could not have properly granted summary judgment on appellees' first ground for the
reason there was no agreement to accept less than the full amount of the debt. Appellees
concede the trial court did not grant summary judgment on the basis the $80,000 payment
constituted an accord and satisfaction. Accordingly, point of error one is sustained.

 Wholesale's second point argues the trial court could not have properly granted
summary judgment on appellees' second ground for the reason the construction payments
received by Alliance were trust funds for the improvement of specific real property in
accordance with section 162.001. See Tex. Prop. Code Ann. § 162.001 (Vernon Supp.
2004). In their motions for summary judgment, appellees claimed section 162.001 "only
applies to a construction contract for the improvement of specific real property . . . The
contract . . . was for a portable building that can be moved from place to place." The only
evidence attached to the motions for summary judgment are affidavits. (1) The affidavits of
David Simon and Stivers both provide: "The building in question (the MCC building) is
a portable building. It is simply bolted to a pad, which means it can be unbolted and
moved in a matter of hours. It is not affixed to real property. The MCC building is
similar to a mobile home, and a crane can pick it up and move it, once the bolts are
removed and the wires disconnected." 

 The Texas Supreme Court has held that in order to constitute an improvement,
property must be annexed to realty with the intent that it be a permanent addition to the
realty. See Sonnier v. Chisholm-Ryder Co., Inc., 909 S.W.2d 475, 481 (Tex. 1995). 
Three factors are considered in determining whether personalty has become permanently
attached: "(1) the mode and sufficiency of annexation, either real or constructive; 2) the
adaptation of the personalty to the use or the purpose of the realty, and 3) the intention of
the owner who causes the personalty to be annexed to the realty. The third factor is
preeminent and the other two are evidence of intent." Id. at 479. 

 Appellees' evidence does no more than attest that the building can be moved. The
fact that an item can be easily moved is not determinative. See Reames v. Hawthorne-Seving, Inc., 949 S.W.2d 758, 762 (Tex. App.--Dallas 1997, pet. denied) (Even though
conveyor belt was on wheels and not bolted to the floor, evidence of owner's intent led
court to hold it was constructively annexed to the realty and constituted an improvement
as a matter of law). We find appellees failed to establish as a matter of law that the
building is not an improvement. See generally Gawerc v. Montgomery County, 47 S.W.3d
840, 841-42 (Tex. App.--Beaumont 2001, pet. denied) (County not entitled to summary
judgment where county failed to establish as a matter of law the building materials were
attached to the property). Accordingly, the trial could not have properly granted summary
judgment on that basis. Issue two is sustained.

 In its final point, Wholesale claims the trial court could not have properly granted
summary judgment on appellees' third and fourth grounds for the reason that appellees
received trust funds and had control or direction of the trust funds. Section 162.001
provides "[c]onstruction payments are trust funds . . . if the payments are made . . . to an
officer, director, or agent of a contractor or subcontractor. . . ." See Tex. Prop. Code
Ann. § 162.001 (Vernon Supp. 2004). Under section 162.002, ". . . an officer, director,
or agent of a contractor, subcontractor, or owner, who receives trust funds or who has
control or direction of trust funds, is a trustee of the trust funds." See Tex. Prop. Code
Ann. § 162.002 (Vernon 1995). 

 The affidavits of David Simon, Stivers, and Kelley assert they were acting as
corporate officers. The statute expressly provides that officers who received or had
control or direction of trust funds are trustees. Id. The affidavits do not assert that
affiants did not receive, control, or direct trust funds. If they did, they owed Wholesale
a trustee's duty. Accordingly, the trial court could not properly have granted summary
judgment on the grounds that appellees were not liable solely because they were corporate
officers or because payments were not made to appellees individually.

 The affidavit of Sidney Simon asserts he resigned from Alliance in February 2000
and "was not an officer, director, employee or shareholder from that point until March
2002. . .. All of the problems with the MCC building took place while I was retired,
which was from March 2000 until the spring of 2001." The motion for summary judgment
contains no evidence as to when the payments were made. Accordingly, we cannot find
Sidney Simon established his right to summary judgment as a matter of law. Wholesale's
third point of error is sustained.

 For these reasons, the judgment of the trial court is reversed and the cause
remanded.

 REVERSED AND REMANDED.

 PER CURIAM



Submitted on January 28, 2004

Opinion Delivered February 26, 2004



Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. The record also contains the deposition of Jerry Gaspard, which was filed as an
exhibit to the motion for summary judgment filed by Alliance and the motion filed by
David and Sidney Simon. The only references in appellees' brief to the deposition relate
to the building being portable.